OPINION
Defendant-appellant, Philip O'Connell, appeals numerous aspects of the judgment decree of divorce issued by the Clermont County Court of Common Pleas, Domestic Relations Division. Plaintiff-appellee is appellant's former wife, Brenda O'Connell. We affirm the decision of the trial court.
On December 8, 1997, appellee filed for divorce. A final divorce hearing occurred on July 21, 1998. The magistrate filed a decision on September 11, 1998. Appellant filed objections to the magistrate's decision, but all of the objections were overruled. Appellant also moved for findings of fact. The trial court adopted the decision of the magistrate, concluded the magistrate's decision contained "sufficient" findings of fact, and found that appellant failed to timely file proposed findings of fact. The judgment decree of divorce was filed on November 23, 1998. From the judgment decree of divorce, appellant filed a timely notice of appeal. With the exception of the testimony of James and Mary Melinda Antrim, appellant did not file a transcript of the final divorce hearing for this court to consider on appeal. Appellant presents six assignments of error for our review:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN IMPUTING TO PLAINTIFF MINIMUM WAGE INCOME INSTEAD OF INCOME BASED ON ACTUAL WAGES.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN AWARDING PERMANENT SPOUSAL SUPPORT OF $1,100 PER MONTH TO PLAINTIFF.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN MAKING THE DATE OF PROPERTY DIVISION THE FINAL HEARING RATHER THAN THE DATE OF SEPARATION.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN FAILING TO USE FOR PROPERTY DIVISION THE VALUE OF DEFENDANT'S 401K ON THE DATE OF PROPERTY DIVISION.
Assignment of Error No. 5:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN FAILING TO ORDER THAT PLAINTIFF'S SHARE OF DEFENDANT'S 401K BE TRANSFERRED TO PLAINTIFF'S NAME AND IN ORDERING DEFENDANT TO PAY DOLLAR AMOUNT OF PLAINTIFF'S SHARE TO PLAINTIFF WITHOUT CONSIDERATION OF PENALTIES AND TAXES INCURRED BY DEFENDANT.
Assignment of Error No. 6:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN ORDERING DEFENDANT TO PAY ONE-HUNDRED PER CENT [SIC] (100%) OF PLAINTIFF'S ATTORNEY FEES AS OF END OF PROPERTY HEARING ($2,900).
When reviewing an award of spousal support and property division issues, the standard of review for this court is abuse of discretion. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218. "An abuse of discretion involves more than an error of judgment; it implies that the domestic relations court's attitude was unreasonable, arbitrary or unconscionable." Id. at 219.
In the first assignment of error, appellant argues that the trial court erred in imputing appellee's wage income as a factor in determining spousal support. The trial court concluded that appellee was able to work, but her current physical condition does "affect her ability to work." The trial court imputed income of $10,172 to appellee, which is minimum wage at forty hours per week. Appellant claims that the trial court should have imputed appellee's income based on her previous employment of $7.40 per hour. Appellee had left her previous employment two months before the divorce hearing.
From the trial court's entry, it is clear that the court was aware that appellee's previous employment was above minimum wage. Nevertheless, the trial court felt minimum wage was an appropriate imputed salary if appellee returned to work. The trial court was in the best position to reach this determination and was not required to use the salary from appellee's previous employment. We fail to see an abuse of discretion. Thus, the first assignment of error is overruled.
In the second assignment of error, appellant argues that the trial court erred by awarding spousal support of $1,100 per month to appellee for an "indefinite period." The portion of appellant's argument that is based on the trial court's failure to calculate an imputed income of $7.40 per hour for appellee is foreclosed by our resolution of the first assignment of error. Appellant also reviews each of the factors for determining spousal support, R.C. 3105.18(C)(1)(a)-(n) and asks this court to conclude the amount of spousal support is an abuse of discretion.
Reviewing the limited transcript and admitted exhibits from the trial proceedings, we fail to see an abuse of discretion. The fact that a large percentage of appellee's income derives from support from appellant does not demonstrate an abuse of discretion. The factors were properly applied by the trial court. Finally, the trial court was within its discretion to order spousal support for an indefinite term. The trial court reserved jurisdiction over the duration of the spousal support. The second assignment of error is overruled.
In the third assignment of error, appellant argues that the trial court erred by utilizing the date of the final hearing, rather than the date of separation, for the date of the termination of the marriage. Pursuant to R.C. 3105.171(A)(2)(a), a marriage shall be deemed to have ended at the date of the final divorce hearing unless utilization of that date is inequitable. The trial court has broad discretion in determining the duration of a marriage. Berish v. Berish (1982), 69 Ohio St.2d 318, 319. Appellant argues that appellee spent significant marital funds during the time period between the date of separation and the final divorce hearing. Without a complete transcript, this court cannot, simply through the trial exhibits, find sufficient support for this assertion. Therefore, we conclude that the trial court acted within its broad discretion. The third assignment of error is overruled.
In the fourth assignment of error, appellant argues that the trial court should have utilized the date of separation to calculate the value of appellant's savings incentive plan. However, the trial court found that the parties stipulated the value the savings incentive plan at $107,238.37 as of June 30, 1998. We do not have an adequate basis in this record to find the trial court abused its discretion in utilizing the stipulated date. The fourth assignent of error is overruled.
In the fifth assignment of error, appellant argues that the trial court erred by ordering appellant to pay appellee her share of his savings incentive plan as a setoff. Admitted exhibits indicate the savings incentive plan is a 401K pension. Appellant believes that the trial court should have ordered appellant to transfer appellee's share of the 401K pension to appellee's name. By transferring the interest, appellant would avoid the adverse federal tax consequences from early withdrawal of funds from a 401K pension plan. Appellant argues that the trial court failed to consider the tax consequences in its final decision. See R.C.3105.171(F)(6).
Based on a review of the limited record available, we cannot reach the conclusion that the trial court abused its discretion by failing to consider this factor in utilizing a setoff. The distribution of the savings incentive plan was part of a larger equitable settlement of all the marital property. The fifth assignment of error is overruled.
In the sixth assignment of error, appellant argues that the trial court abused its discretion by ordering appellant to pay all of appellee's attorney fees pursuant to R.C. 3105.18(H). After reviewing the record, we find that the award of attorney fees was "reasonable" within the meaning of the statute and the decision of the trial court was within its discretion. The sixth assignment of error is overruled.
Judgment affirmed.
YOUNG and WALSH, JJ., concur.